UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIJAN M. PEVEC,

   Plaintiff,

 v.

CITY AND COUNTY OF SAN FRANCISCO,

   Defendant.

Case No.  14-cv-02869-TEH

**ORDER REMANDING CASE**

  These related cases are before the Court in response to the Court's January 27, 2015 order to show cause as to whether any federal question remains and whether the Court has discretion to retain jurisdiction.  Having considered the arguments of the parties in the papers submitted, the Court now remands both cases to the Superior Court of California for the County of San Francisco.

  The parties agree that no federal question remains in these cases, and the Court has discretion to retain or decline jurisdiction.  Where the federal claims in a case have been dismissed and only pendent state law claims remain, district courts should consider "the values of judicial economy, convenience, fairness, and comity" in deciding whether to remand the case to state court.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Id.*  However, "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Id.* at 357.

  Here, the balance of factors strongly favors remand of both of these cases to state court.  The first of these cases has only been in federal court since June of 2014, and the

second since November.  The only federal claim has dropped out, also in November of 2014.  Only very limited discovery has been completed.  True, the parties are participating in ADR through this Court's program; however, given that the depositions for that program have not even been taken yet, the Court finds there to be little inefficiency in allowing the parties to use a state-court ADR program should they so desire.

The Court is not persuaded by Defendants Intermed Cost Containment Services ("Intermed") and Intercare Holdings' ("Intercare") argument that Plaintiff has manipulated the case in order to eliminate federal jurisdiction.  Although Plaintiff and Defendant City and County of San Francisco stipulated to dismiss the only federal claim in the case in November, Plaintiff never moved for remand after that time, and to this date Plaintiff maintains that he "is fine with proceeding in either the state or federal venue."  Case No. 14-cv-5075, Docket No. 21, at 5.  It is arguably Defendants, not Plaintiff, who are manipulating the forum, by removing their case very shortly before the stipulated dismissal of the federal claim in the related case, and now arguing strenuously that the case should remain in federal court.  Indeed, Defendants Intermed and Intercare are the only parties who have expressed any opinion on the question of whether the case should stay in federal court or be remanded; all other parties have indicated that they merely want the two cases to be related or consolidated, whichever forum they are in.

The Court has considered the factors of judicial economy, convenience, fairness, and comity, as they apply in these cases.  The cases are hereby remanded to the Superior Court of California for the County of San Francisco.  The Clerk shall close the files.

**IT IS SO ORDERED.**

Dated:  02/12/15         _____
                         THELTON E. HENDERSON
                         United States District Judge

2